UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BPSS, INC., | ) |
| | ) |
|   Plaintiff/Counterclaim Defendant, | ) |
| | ) |
|  v. | ) |
| | ) |
| DAVID J. WILHOLD, | ) |
| | ) |
|   Defendant/Counterclaim Plaintiff, | ) |
| | )  No. 4:08CV1063 TIA |
| DAVID J. WILHOLD, | ) |
| | ) |
|   Third-Party Plaintiff, | ) |
| | ) |
|  v. | ) |
| | ) |
| WADE BLACKWELL, | ) |
| | ) |
|   Third-Party Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff/Counterclaim Defendant BPSS, Inc. and Third-Party Defendant Wade Blackwell's Motion to Dismiss Counterclaim and Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 14). Counterclaim Plaintiff and Third-Party Defendant David J. Wilhold filed a Response (Docket No. 16) and Plaintiff/Counterclaim Defendant BPSS, Inc. and Third-Party Defendant Wade Blackwell filed a Reply Memorandum in Support (Docket No. 18) thereto. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). At this stage in the proceedings, the Court will not analyze whether Wilhold can prove the allegations plead, rather,

under Rule 12(b)(6), the Court is required to ascertain whether Wilhold has stated a cause of action with respect to each theory of recovery. For the reasons set forth below, the Motion to Dismiss is granted.

On July 21, 2008, Plaintiff BPSS, Inc. ("BPSS") filed a three-count Complaint alleging breach of duty of loyalty (Count I), tortious interference with the agreement (Count II), and tortious interference with business expectancies (Count III). In the four-count Counterclaim and Third-Party Counterclaim Plaintiff Wilhold alleges the following claims: defamation (Count I), injurious falsehood (Count II), assault (Count III), and prima facie tort (Count IV).

**I.      Background**

BPSS is in the business of providing security guards, doormen and/or lobby attendants for commercial and residential properties in the St. Louis area. (Compl. at ¶ 2). Counterclaim Plaintiff and Third-Party Defendant David J. Wilhold ("Wilhold) was employed by BPSS as a security guard supervisor until he was terminated for cause on April 8, 2008. (Id. at ¶ 3). Third-Party Defendant Wade Blackwell ("Blackwell") is the President and owner of BPSS. (Compl. at ¶ 13). At all times relevant to the instant action, BPSS provided such services at the Park East Tower ("PET") condominiums. (Id. at ¶ 6). In November 2007, Wilhold started working for BPSS at the PET condominiums as BPSS' designated representative. (Id. at ¶ 9). Beginning in February 2008, Wilhold ceased reporting to his superiors at BPSS as required by company policy and thereafter repeatedly refused to meet with his supervisors to discuss his job performance and the PET condominium account. (Id. at ¶¶ 11-12).

On April 8, 2008, Blackwell and another BPSS employee met with Wilhold at the PET condominiums. (Compl. at ¶ 13). During the meeting, Wilhold insulted Blackwell, directed

under Rule 12(b)(6), the Court is required to ascertain whether Wilhold has stated a cause of action with respect to each theory of recovery. For the reasons set forth below, the Motion to Dismiss is granted.

On July 21, 2008, Plaintiff BPSS, Inc. ("BPSS") filed a three-count Complaint alleging breach of duty of loyalty (Count I), tortious interference with the agreement (Count II), and tortious interference with business expectancies (Count III). In the four-count Counterclaim and Third-Party Counterclaim Plaintiff Wilhold alleges the following claims: defamation (Count I), injurious falsehood (Count II), assault (Count III), and prima facie tort (Count IV).

**I.      Background**

BPSS is in the business of providing security guards, doormen and/or lobby attendants for commercial and residential properties in the St. Louis area. (Compl. at ¶ 2). Counterclaim Plaintiff and Third-Party Defendant David J. Wilhold ("Wilhold) was employed by BPSS as a security guard supervisor until he was terminated for cause on April 8, 2008. (Id. at ¶ 3). Third-Party Defendant Wade Blackwell ("Blackwell") is the President and owner of BPSS. (Compl. at ¶ 13). At all times relevant to the instant action, BPSS provided such services at the Park East Tower ("PET") condominiums. (Id. at ¶ 6). In November 2007, Wilhold started working for BPSS at the PET condominiums as BPSS' designated representative. (Id. at ¶ 9). Beginning in February 2008, Wilhold ceased reporting to his superiors at BPSS as required by company policy and thereafter repeatedly refused to meet with his supervisors to discuss his job performance and the PET condominium account. (Id. at ¶¶ 11-12).

On April 8, 2008, Blackwell and another BPSS employee met with Wilhold at the PET condominiums. (Compl. at ¶ 13). During the meeting, Wilhold insulted Blackwell, directed

profanity at him, and attempted to goad him into a fight on the sidewalk. (Id. at ¶ 14). After being denied a requested raise, Wilhold apprised Blackwell that BPSS would lose the PET condominium account. (Id. at ¶ 15). Wilhold's employment with BPSS ended on that day or shortly thereafter. (Compl. at ¶ 16; Answer at ¶¶ 16, 25; Third-Party Compl. at ¶¶ 20, 21).

In the Counterclaim and Third-Party Complaint, Counterclaim Plaintiff Wilhold alleges that on April 8, 2008, during a telephone conversation, Blackwell screamed at him and threatened to "kick his ass." (Third-Party Compl. at ¶ 6). Blackwell arrived at the Park East Tower building shortly thereafter and physically threatened Wilhold outside the building by stating he would take "him down." (Id. at ¶¶ 7-8). Wilhold further alleges that BPSS represented to a potential employer that Wilhold's employment at BPSS had ceased, because he was terminated by BPSS. (Id. at ¶ 10). Wilhold contends that an agent of BPSS represented to the Missouri Division of Employment Security that Wilhold quit his job at BPSS thereby disqualifying Wilhold for unemployment compensation benefits. (Id. at ¶¶ 12-13). On April 24, 2008, counsel for BPSS allegedly sent a letter to Wilhold and Whelan Security Co., Inc., a prospective employer, outlining how Wilhold had agreed to be bound by a provision prohibiting him from accepting employment by any client for a period of ninety days from the termination of his employment with BPSS. (Id. at ¶ 15). Wilhold asserts that he never executed any agreement restricting his employment. (Id. at ¶ 16).

## II. Motion to Dismiss Defamation (Count I), Injurious Falsehood (Count II), Assault (Count III), and Prima Facie Tort (Count IV)

When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must follow the standard of review delineated by the United States Supreme

Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007). The Court opined that a viable complaint must now include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." Twombly, 127 S. Ct. at 1965. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 1965, 1974. As was the case under Conley, the complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. See Id. at 1964-65. Moreover, when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true, even if doubtful. Id. at 1965. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. Accordingly, a well-pled complaint may proceed even if it appears "that recovery is very remote and unlikely." Id. at 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

The Federal Rules do not require great precision in pleadings. Gregory v. Dillard's, 2007 WL 2067853, *15 (8th Cir. July 20, 2007). "The 'simplified notice pleading standard' under Fed. R. Civ. P. 8(a) requires only a statement that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (abrogated on other grounds)); see also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) ("The statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal citation and alteration omitted)). "Specific facts are not

necessary..." Erickson, 127 S.Ct. at 2200. However, the factual allegations in the complaint must be more than "labels and conclusions" or a "formalistic recitation of the elements of a cause of action." Twombly, 127 S.Ct. at 1965; see also Gregory, 2007 WL 2067853 at *15. "A district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." Id. at 1967 (internal citations and quotations omitted). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheurer v. Rhodes, 416 U.S. 232, 236 (1974). To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims." DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

    A. Defamation

In Count I of the Third-Party Complaint, Wilhold contends that the statements made by BPSS to Whelan regarding his termination and by counsel regarding the execution of a non-compete agreement were false. (Third-Party Compl. at ¶¶ 20-21). In the alternative, Wilhold contends that BPSS' statements that he voluntarily quit his job and improperly filed for unemployment compensation benefits were false. (Id. at ¶ 21).

To recover for defamation, a plaintiff must prove that: (1) defendant published the statement which plaintiff alleges to be defamatory; (2) the statement was false; (3) defendant published the statement either with knowledge of its falsity or with reckless disregard for whether it was true or false at a time when it had serious doubts as to whether it was true; (4) the statement

tended to deprive plaintiff of the benefit of public confidence and social associations; (5) the statement was read by others; and (6) plaintiff was thereby damaged. See Klein v. Victor, 903 F. Supp. 1327, 1330 (E.D. Mo. 1995) (*citing* Nazeri v. Missouri Valley College, 860 S.W.2d 303, 312 (Mo. banc 1993)). "At a minimum, the plaintiff must 'allege who made the allegedly libelous statements, to whom they were made, and where.'" Pope v. ESA Services, Inc., 406 F.3d 1001, 1011 (8th Cir. 2005) (quoting Schibursky v. Int'l Bus. Machines Corp., 820 F. Supp. 1169, 1181 (D. Minn. 1993)).

Wilhold argues that the allegations set forth in the defamation claim are sufficient to state a cause of action. Wilhold notes that the statements were published through letters and correspondence to third parties and indicated that he had been terminated for cause and that he had signed an employment contract he was intentionally breaching. The factual allegations set forth in the Counterclaim and the Third-Party Complaint, accepted as true, fail to state plausible claims for relief. An examination of the relevant paragraphs reveals that Wilhold merely alleged that he was either terminated by BPSS or that he quit his job at BPSS but are devoid of any allegations imputing to Wilhold a want of knowledge, skill, capacity, or fitness to perform or discharge his employment duties. "The mere statement that someone has been terminated from employment is not in and of itself defamatory." Klein v. Victor, 903 F. Supp. 1327, 1336 (E.D. Mo. 1995). The statements set forth in the Counterclaim and the Third-Party Complaint are not libelous on their face, and Wilhold has failed to plead any facts showing why the statements would be construed as defamatory. Accordingly, the Motion to Dismiss as directed to Count I should be granted.

B. Injurious Falsehood

In Count II, Wilhold contends that as a result of the false statements, he was unable to obtain unemployment compensation benefits, lost a job, and had difficulty finding a new job. (Third-Party Compl. at ¶ 25).

In a claim for injurious falsehood, "one who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity." <u>Wandersee v. BP Prods. N. Am., Inc.</u>, 2008 WL 2952301 at *3 (Mo. July 29, 2008). In reviewing claims for injurious falsehood, Missouri courts follow the Restatement (Second) approach. <u>Id.</u>; <u>State ex rel. BP Prods. N. Am., Inc. v. Ross</u>, 163 S.W.3d 922, 928-29 (Mo. banc 2005); Restatement (Second) of Torts § 632A (1977). To prevail, Plaintiff must prove: (1) defendant's intent or constructive knowledge that publication of the false statement would cause pecuniary harm to another, (2) defendant knew the statement was false or acted in reckless disregard for its truth or falsity, (3) defendant published the false statement, and (4) resulting pecuniary loss to Plaintiff. Restatement (Second) of Torts §623A.

Counterclaim Plaintiff Wilhold alleges that as a result of the false statements, he has suffered economic damages including the inability to obtain unemployment benefits,[1] loss of his

---

[1] With respect to the allegations that BPSS' statements to the Missouri Division of Employment Security ("Division") were actionable, Wilhold cannot establish the requisite element of publication, because the statements are absolutely privileged. <u>See</u> Mo.Rev.Stat. § 288.250 (proceedings before the Missouri Division of Employment Security are confidential and information provided to the Division in protest for a claim for unemployment compensation cannot be used as a basis for a defamation claim). Applying this statute, Missouri courts have held that statements made to the Division in protest of a claim for unemployment benefits are

employment, and difficulty finding new employment. As result of the foregoing, Wilhold seeks damages including punitive damages, an award of costs and attorney's fees.[2]

The torts of defamation and injurious falsehood protect different interests. Restatement (Second) of Torts § 623A cmt. g (1977). "The action for defamation is to protect the personal reputation of the injured party .... The action for injurious falsehood is to protect economic interests of the injured party against pecuniary loss." Id. Because "[d]efamation analysis applies to the tort of injurious falsehood," State ex rel. Diehl v. Kintz, 162 S.W.3d 152, 157 n.4 (Mo. Ct. App. 2005), and Missouri case law is devoid of injurious falsehood case law, the courts have turned to defamation case law. Likewise, to recover for injurious falsehood, a plaintiff must plead and prove, among other things, special damages in the form of specific lost business dealings and allegations of lost employment opportunities are insufficient. Nyitray v. Johnson, 1998 WL 67651 at *13 (S.D.N.Y. 1998); see id. L.W.C. Agency, Inc. v. St. Paul Fire & Marine Ins., Co., 125 A.D.2d 371, 373 (2d Dep't 1986) (general allegations that plaintiff lost employment opportunities fails to state a claim for special damages); Watkins v. General Refractories Co., 805 F. Supp. 911,

---

absolutely privileged. See Remington v. Wal-Mart Stores, Inc., 817 S.W.2d 571, 574-75 (Mo. Ct. App. 1991). Inasmuch as the statements made to the Division are absolutely privileged, they are not considered published for purposes of defamation. See Washington v. Thomas, 778 S.W.2d 792, 796 (Mo. Ct. App. 1989). Accordingly, with respect to BPSS' statements allegedly made to the Division that Wilhold voluntarily quit his job and improperly filed for unemployment compensation benefits, BPSS is entitled to dismissal of that part of Wilhold's injurious falsehood claim.

[2] Under a claim for injurious falsehood, a plaintiff may only recover pecuniary, or economic, damages resulting from defendant's false statement. See Ross, 163 S.W.3d at 929 ("The action for injurious falsehood is to protect economic interests of the injured party against pecuniary loss."). "Pecuniary loss" accordingly is a "loss of money or of something having monetary value." Black's Law Dictionary 957 (7th ed. 1999).

917 (D. Utah 1992) (claim of alleged loss of employment insufficient to state claim for injurious falsehood). The allegations set forth in the Counterclaim and the Third-Party Complaint are insufficient to state a claim for injurious falsehood. Accordingly, the Motion to Dismiss as directed to Count II should be granted.

    C.  Assault

In Count III, Wilhold contends that Blackwell placed him in reasonable apprehension and Blackwell intended to cause bodily harm or offensive contact to him. (Third-Party Compl. at ¶ 30). Wilhold alleges that Blackwell threatened to "kick his ass" and had apprised him of his training as a martial artist. (Id. at ¶¶ 6-7).

A person is guilty of assault with intent to do great bodily harm without malice aforethought under Section 559.190 if he assaults another with intent to kill or do great bodily harm. State v. Rose, 346 S.W.2d 54, 56 (Mo. 1961). An assault can occur in absence of actual harm to the victim, and without a touching or striking of the victim. State v. Eddy, 199 S.W. 186 (Mo. 1917); State v. Elliott, 559 S.W.2d 175 (Mo. banc 1977). A showing of intent to harm alone is not sufficient, State v. Painter, 67 Mo. 84 (1877); State v. Lemon, 263 S.W.186 (Mo. 1924), State v. Selle, 367 S.W.2d 522 (Mo. 1963), State v. Parker, 378 S.W.2d 274 (Mo. Ct. App. 1964); the accused must commit some overt act, that is, a hostile demonstration or intentional offer of bodily injury to another, coupled with the present ability to carry out the attempt if unprevented. State v. Boyd, 559 S.W.2d 59 (Mo. Ct. App. 1977). "The assault is complete, 'if the intent, with the present means of carrying it into effect, exists and preparations therefor have been made' even though there has been no actual violence to the person." State v. Bowles, 754 S.W.2d 902, 910 n.7 (Mo. Ct. App. 1988) (quoting State v. Selle, 367 S.W.2d 522, 527 (Mo.

1963)).

No published Missouri case finds words alone to be sufficient to constitute assault. State v. Matthews, 341 Mo. 1121 (Mo. 1937). Mere words, however threatening, will not amount to an assault. See Committee Comment to MAI 23.01 (citing Restatement (Second) of Torts §§ 21-34) ("words alone do not constitute an assault"). The Court has found no civil cases permitting recovery without some affirmative action to carry out the threat immediately. The allegations in the instant action constitute at best verbal intimidation inasmuch as no action other than verbal threats is alleged.

Wilhold's reliance on Hickey v. Welch, 91 Mo. App. 4, 5 (Mo. Ct. App. 1901), is misplaced inasmuch as the facts asserted in the instant third-party complaint are significantly different from the allegations in the Hickey case. In Hickey, the court noted how the allegations of assault were sufficient inasmuch as the defendant pointed a handgun at the plaintiff and threatened to shoot. Id. A review of the allegations before the undersigned reveals that Wilhold has not provided any facts showing some act, such as a pointed gun, by Blackwell. Accordingly, the Motion to Dismiss as directed to Count III should be granted.

D. Prima Facie Tort

In Count IV, Wilhold alleges in the alternative, even if Blackwell's actions were lawful, his actions were undertaken with the intent to injure him. In particular, Wilhold relies on the allegedly false and defamatory statements made by BPSS regarding how he voluntarily quit his job and improperly sought unemployment compensation benefits. (Third-Party Compl. at ¶¶ 21, 23, 25).

A claim alleging a prima facie tort "is disfavored under Missouri law, particularly when a party has another remedy or other potentially submissible tort claims available." Kelly v. Golden,

352 F.3d 344, 350 (8th Cir. 2003) (citing Rice v. Hodapp, 919 S.W.2d 240, 246 (Mo. banc 1996)).  Prima facie tort is not a "catchall remedy of last resort for claims that are not otherwise salvageable under traditional causes of action" but is a particular and limited theory of recovery. Nazeri v. Missouri Valley Coll., 860 S.W.2d 303, 315 (Mo. banc 1993).  The elements of a prima facie tort include: (1) an intentional lawful act by defendant; (2) defendant's intent to injure the plaintiff; (3) injury to the plaintiff; and (4) absence of or insufficient justification for defendant's act.  Id.

The factual allegations set forth in the Third-Party Complaint, accepted as true, fail to state a plausible claim for relief.  In seeking to establish these elements, Wilhold argues that the lack of justification is satisfied by the allegations that Blackwell made false and defamatory statements.  His argument must fail because if these allegations are accepted as true, then Wilhold fails to allege an intentional lawful act.  Thus, for the same reasons set forth in Nazeri, the instant claim for prima facie tort must fail.  The Nazeri Court opined:

> In short, prima facie tort is not a duplicative cause of action established either by the failure to prove a recognized tort claim, or by the failure of such a claim on account of a particular defense.  Appellant's cause pleaded in Counts I and II is for defamation.  While it may be possible for a plaintiff to plead facts that could establish a count for prima facie tort as an alternative to a separate recognized claim, appellant has not done so here.

Id. at 315-16.  As such, the Motion to Dismiss as directed to Count IV must be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counterclaim Defendant BPSS, Inc. and Third-Party Defendant Wade Blackwell's Motion to Dismiss Counterclaim and Third-Party Complaint (Docket No. 14) is GRANTED.

**IT IS FURTHER ORDERED** that the Counterclaim and Third-Party Complaint is DISMISSED.

Dated this   18th   day of March, 2009.

                                         /s/Terry I. Adelman
                                 UNITED STATES MAGISTRATE JUDGE